UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl Campos, | ) C/A No. 2:15-cv-525-TMC-MGB |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Warden Federal Correctional Institution, Estill, SC, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prisoner appearing pro se. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

Carl Campos ("Petitioner") is a federal prisoner currently incarcerated at FCI-Estill and serving a 348-month sentence for three interference-with-commerce-related convictions, see 18 U.S.C. § 1951, and two firearm-related convictions, see 18 U.S.C. § 924(c)(1)(a), entered on a guilty plea in the United States District Court for the Middle District of Florida ("the sentencing court") on May 3, 2002. Pet. 2, ECF No. 1; *see United States v. Campos*, No. 8:00-CR-58-T-23MAP (M.D. FL). Petitioner did not appeal his convictions to the United States Court of Appeals for the Eleventh Circuit and he did not file a motion to vacate pursuant to 28 U.S.C. § 2255 in the Middle District of Florida. ECF No. 1 at 2, 3-4. Petitioner does not allege that he made any attempt to file an untimely

§ 2255 motion in the sentencing court or that he sought permission from the Eleventh Circuit Court of Appeals to file an untimely § 2255 motion before he submitted the § 2241 under review.

At the beginning of his § 2241 Petition, Petitioner alleges that his firearm-related sentences "are being executed in violation of the United States Constitution." ECF No. 1 at 1. However, in the body of the Petition, he does not challenge the manner in which those sentences are being executed by the Federal Bureau of Prisons. Instead, Petitioner alleges and contends that his firearm-related convictions are invalid because they were entered on an improper indictment which "does not contain the elements of the offense intended to be charged" and which "did not sufficient apprise Petitioner of what he should have been prepared to meet" because it charged him with "possession of a firearm during and in relation to a crime of violence." *Id*. at 6. Petitioner states that the trial court acted "without jurisdiction" when it entered the firearm-related convictions because the indictment charged him with "a non-existent federal offense." *Id*. 6-7. Petitioner also alleges that his two firearm-related convictions and the consecutive sentences entered thereon "violate the Double Jeopardy clause because the combined sentences are greater punishment than the legislature intended." *Id*. at 8. Petitioner supports this contention by asserting that the federal statute under which he was sentenced on the firearm-related convictions: 18 U.S.C. § 924(c), is "ambiguous" as to whether it authorizes multiple consecutive sentences under the facts on which Petitioner's convictions rest. *Id*. at 9-13. Petitioner asks this court to "grant this writ of habeas corpus or in the alternative, transfer this case to [the sentencing court] to resolve the merits of the issues contained herein." *Id*. at 13.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the

pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.     Discussion

Petitioner asserts that there are "extraordinary circumstances in this case [that] require that a writ of habeas corpus issu." ECF No. 1 at 4. However, the only reasons he appears to give for submitting his claims to this court rather than to the sentencing court is that he did not file a direct appeal and he did not file a timely § 2255 motion and, therefore, he has not "presented any of the claims in this petition previously in any post-conviction proceeding." *Id*. Although Petitioner conclusorily asserts that he is challenging the "execution" of his sentences, his claims are, in fact, attacks on the underlying validity of some of his federal criminal convictions and the sentences entered on those convictions. His claims are not extraordinary, but they are the type of claims that should normally be brought under 28 U.S.C. § 2255 unless Petitioner can satisfy the savings clause of § 2255.

The Fourth Circuit Court of Appeals has stated that "[a]s a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)); *San-Miguel v. Dove*, 291 F.3d 257, 260-61 (4th Cir. 2002). The § 2255 savings clause, 28 U.S.C. § 2255(e), states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

It is settled law in this Circuit that the fact that relief has become unavailable under § 2255 because of the running of the one-year statute of limitations or because of the prohibition against

successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F.3d at 194 n.5. Also, it has been held by many federal courts, including this one, that the § 2255 remedy is not rendered inadequate or ineffective if the petitioner waives his right to collaterally attack convictions in a plea agreement. *See Boykin v. Atkinson*, No. 4:13-cv-00766-RBH, 2013 WL 5657683, at *4 (D.S.C. Oct. 15, 2013); *see also Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *Debolt v. United States*, No. CIV.11-1434 MJD FLN, 2011 WL 2937168, at *3 n.2 (June 24, 2011), *report adopted*, 2011 WL 2910475 (D. Minn. July 18, 2011); *Nguyen v. Davis*, No. 10-cv-87-BNB, 2010 WL 902481, at *2 (D. Colo. 2010); *Adams v. Samuels*, No. 6:05-689-DCR, 2006 WL 695250, at *3 (E.D. Ky. March 13, 2006).

Petitioner includes a brief discussion of the savings clause in his Petition, ECF No. 1 at 3-4, but he does not make any substantive argument about why the § 2255 remedy is inadequate or ineffective to test the constitutionality of his detention. He does not allege that he was prevented from filing a § 2255 motion in the sentencing court by any external forces, and he does not allege that he made any attempt to raise his present claims of invalid convictions and sentences in the court that actually entered the convictions and sentences. Furthermore, Petitioner does not make an argument that there has been any substantive change in applicable law since the time his firearm-related convictions were entered that made the conduct on which those convictions were based no longer criminal. *See In re Jones*, 226 F.3d 328 (4th Cir. 2000). The *In re Jones* test requires that (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the

new rule is not one of constitutional law. *Id*. at 333-34. Moreover, Petitioner's allegations about the validity of the indictment and jurisdiction of the sentencing court to enter the convictions on the charges to which Petitioner pleaded guilty do not satisfy the Fourth Circuit's standards for a viable "actual innocence" claim as contemplated in the §§ 2241, 2255 contexts. Petitioner provides no allegations of new evidence, unavailable at the time the convictions were entered, which undermines the validity of his 2002 federal criminal convictions. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). The type of "actual innocence" that might require the court to consider a claim under § 2241 is *factual* innocence of the crime of conviction, not *legal* innocence of the requirements for statutorily authorizes sentences. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

Finally, although Petitioner contends that this court should consider his claims under § 2241 "in light of *United States v. Persaud*, No. 12-8068 (4th Cir. May 7, 2014)," he does not make any substantive argument about how *Persaud* is relevant to his Petition. Nevertheless, assuming *arguendo* that Petitioner cites to *Persaud* in an effort to urge this court to consider the underlying validity of his sentences under § 2241, the citation is of no benefit to him. While the United States Supreme Court's action in *Persaud* has been the subject of some discussion in prisoner litigation, see *Mason v. Thomas*, No. 0:14-cv-2552-RBH, 2014 WL 7180801, at **4-5 (D.S.C. Dec. 16, 2014) (applying *Poole* and distinguishing *Persaud* factually as involving a mandatory life sentence under § 851, rather than a sentencing guidelines-enhanced sentence); *Holman v. Thomas*, 1:14-cv-2554-RBH, 2014 WL 6809748, at *4 (D.S.C. Dec. 03, 2014) (same; ACCA-enhanced sentence), it did not change the currently binding precedent in this Circuit, which holds that courts generally should not consider the validity of sentences under § 2241. *See, e.g.*, *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir.2013) ("challenge to [ ] armed

6

career criminal status is not cognizable in a § 2241 petition"); *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender under the guidelines). The Supreme Court's order on a petition for writ of certiorari in *United States v. Persaud*, 134 S. Ct. 1023 (2014), is one paragraph long, and it does not contain any ruling on the merits of the petitioner's and the United States' arguments against application of the Fourth Circuit's *Poole* line of cases, nor does it contain any discussion about whether those cases correctly interpreted and applied the law applicable to the § 2255 savings clause or to § 2241 subject-matter jurisdiction. The Court remanded the case to the Fourth Circuit for "further consideration" because the United States, through the Solicitor General, changed its legal position on the issue when the case reached the Supreme Court level.[1] *Persaud v. United States*, 134 S. Ct. 1023. When it received notification that the Supreme Court had vacated its opinion, the Fourth Circuit remanded the case to the Western District of North Carolina "for further proceedings" without discussion of the merits of the petitioner's and United States' arguments before the Supreme Court. *Persaud v. United States*, No. 12-8068 (4th Cir. May 7, 2014) (ECF No. 25).[2] As of the time of this Report, the case remains pending in the district court. *Persaud*

---

[1] According to the United States' brief before the Supreme Court, the Government "took a different position in the district court and took no position on [the Fourth Circuit] appeal . . . ." 2013 WL 7088877, at 22 (footnote omitted).

[2] The Fourth Circuit's remand order states in pertinent part: "Upon consideration of the materials before the court, we deny a certificate of appealability and dismiss the appeal as to the district court's dismissal of the § 2255 claim as successive; grant the motion to remand; and remand the case for further proceedings. We express no view on the merits of Persaud's petition." *Persaud v. United States*, No. 12-8068 (ECF No. 25).

*v. USA*, No. 3:12-cv-00509-FDW (W.D.N.C.).[3] *See Colonial Penn Ins. Co. v. Coil*, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue). Because the Supreme Court's limited ruling on the petition for certiorari in *Persaud* does not change the state of existing and applicable Fourth Circuit precedent, Petitioner fails to show why this court should now consider challenges to the underlying validity of his convictions or sentences "in light of *Persaud*" through a § 2241Petition.

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*. Petitioner's attention is directed to the important notice on the next page.

May 7, 2015
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[3] The *Persaud* case was stayed by the Western District of North Carolina on December 5, 2014, pending a decision by the Fourth Circuit Court of Appeals in a different case involving similar issues that is currently pending before that court: *United States v. Surratt*, No. 14-6851 (4th Cir.). *See United States v. Persaud*, No. 3:12-cv-00509-FDW (W.D.N.C.) (ECF Nos. 15, 16). Oral argument was held in the Surratt case on January 27, 2015, but an opinion has not yet issued in the case. *See United States v. Surratt*, No. 14-6851 (4th Cir.) (ECF No. 65).

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).